### CENTRAL BRASS MFG. CO. v. REPUBLIC BRASS CO.

Circuit Court of Appeals, Sixth Circuit. November 13, 1929.

No. 5373.

Albert Lynn Lawrence, of Cleveland, Ohio, for appellant.

John B. Hull, of Cleveland, Ohio (Hull, Brock & West, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge. This is an appeal from an order granting a preliminary injunction on patent No. 1,647,984 for a bathroom fixture, and overruling a motion to dismiss the bill. The motion to dismiss was based upon the alleged aggregative subject-matter of claims 8, 9, 10, and 12, which were declared upon. We do not find it necessary to pass upon the questions raised by this motion, but merely consider whether, upon the showing made in the proofs, the injunction was improvidently granted.

The patent is for a bathroom fixture which is adapted to be positioned within an opening in a wall of a bathroom, and which is connected with the bathroom plumbing in such manner that the water may be directed either to the tub or the shower, as desired. Claim 12 of the patent, quoted in the margin,[1] for the purposes here under consideration may be taken as typical of the four claims in suit. Claim 8, which is less specific in the elements that it calls for than the other claims, clearly reads upon several of the references in the prior art. Neither that claim nor claim 10 calls for a valve mechanism and casing removable from the wall opening in a unit. That element which is included in claim 9 as well as claim 12, is largely relied upon for invention, and we consider the questions presented from that point of view.

The patent drawings show perforated partitions within the casing within which there is a valve mechanism for diverting the hot and cold water to the tub or shower. This mechanism consists of plungers connected for alternative action with a rocker arm. There were, of course, diverter mechanisms performing this same service long before the patent in suit was taken out, but none of them, including appellant's, comprised quite the same operative mechanism as appellee's. It is true that appellant's single intermediate diverter valve accomplishes the same result, but it is more nearly like Lawless, 1,593,127, than appellee's. Its device also differs from appellee's commercial structure, in that it is attached to the plumbing in such a way that, like Lehnert, 1,228,453, it probably cannot be removed as a unit without some defacement or damage to the wall.

All the elements of the claims in suit are found in the prior art. Appellant seeks to establish invention, however, upon the ground

---

[1] A bathroom fixture comprising a casing adapted to be secured within an opening in the wall structure and having a pair of inlets adapted to be connected to hot and cold water supply pipes respectively and a plurality of outlets leading therefrom, a valve mechanism for controlling the supply of hot and cold water through said inlets, separate and independent valve mechanism for diverting the flow through any one of said plurality of outlets, said valve mechanisms being arranged within said casing and removable from said wall opening as a unit along with said casing, a single apertured escutcheon plate secured over said opening, a part of the operating means for each of said valve mechanisms extending through said apertured escutcheon plate and operable from the exterior thereof.

that some one element or another in his combination, such as the escutcheon plate, the opening in a wall structure, or adaptation to unitary removal, is not included in any other single combination. In order to do this it must limit its claims to a narrow range. Whether such limitations can be placed upon them we do not decide. If they are to be construed broadly enough to include pipe connection between the control valve and the unitary diverter valve such as is comprised in the appliance complained of, the combination is clearly shown in the prior art. Lehnert has valves controlling the supply of hot and cold water, and an independent valve mechanism for diverting the flow through any one of a plurality of outlets, both positioned within or through a single opening in a wall structure. It also shows separate apertured escutcheon plates for each valve. This patent as well as Bennett, 788,510, embraces the equivalent in combination of all the operative elements of the structure complained of. Both are adapted to be secured in an opening in a wall structure. Neither of them, though, shows an apertured escutcheon plate such as appellant uses and is claimed in the patent in suit; but the equivalent of that element is to be found in other references: Reid, 391,647, Wilson, 893,770, and Delany, 1,602,374. The only function of this plate is to cover the wall opening into which the casing has been inserted, and it brings nothing inventionally to the merits of the combination. The patentee must rely, therefore, upon the other elements of its claims, and, if they are broadly enough construed to include the alleged offending structure, they must be held not to constitute invention. We do not say that they may not be limited to the particular type of casing and diverter valve mechanism which the appellee makes. It suffices that as so limited there is no showing of infringement, and for that reason the injunction is vacated and set aside and the cause remanded for further proceedings.